## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| VINCENT HINES, | ) |
| Petitioner, | ) |
| v. | ) No. 4:25-CV-00115 HEA |
| RICHARD ADAMS,[1] | ) |
| Respondent. | ) |

### OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon review of self-represented petitioner Vincent Hines' application for habeas corpus brought pursuant to 28 U.S.C. § 2254.[2] [ECF No. 1]. As explained below, the Court finds the petition is an unauthorized successive petition and will therefore deny and dismiss it.

### Background

Petitioner is incarcerated at Eastern Reception Diagnostic Correctional Center (ERDCC) pursuant to the judgment of conviction entered by St. Louis Circuit Court on March 14, 1986, in *State v. Hines*, No. 22851-01243 (22nd Jud. Cir., St. Louis City Court). In that case, a jury convicted petitioner of two counts of assault in the first degree, and he was sentenced as a prior and persistent

---

[1] Rule 2(a) of the Rules Governing § 2254 Cases in the United States District Courts provides that the proper respondent for a prisoner currently in custody pursuant to a state court judgment is the state officer having custody of the applicant. Because Richard Adams is the Warden of the Eastern Reception Diagnostic Correctional Center, he is the proper respondent.

[2] Although petitioner filed the present action on a Court-provided form for pursuing civil rights actions under 42 U.S.C. § 1983, he is challenging the validity of his confinement in his petition, which is only available pursuant to 28 U.S.C. § 2254. Furthermore, he seeks release from confinement in his request for relief. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). As such, the Court interprets this matter as one brought pursuant to 28 U.S.C. § 2254.

offender to terms of thirty and fifteen years, the counts to run consecutively. *Id.* The convictions were affirmed on appeal. *State v. Hines*, 726 S.W.2d 785 (Mo.Ct.App. 1987).

On or about April 25, 1997, petitioner filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court to challenge that same judgment of conviction. *See Hines v. Bowersox,* No. 4:97-CV-01128 FRB (E.D. Mo.) (hereinafter referred to as "*Hines I*"). On September 27, 2000, the Court denied the petition on its merits. *Id.* Petitioner appealed the denial of his habeas to the Eighth Circuit Court of Appeals. *Hines v. State*, No. 18-1049 (8th Cir. 2018). The Court of Appeals dismissed the appeal for lack of jurisdiction on January 17, 2018.

Petitioner filed the instant petition on or about January 29, 2025. [ECF No. 1]. He asserts claims of sentencing error in *State v. Hines*. Namely, he argues that he was actually innocent of the underlying charges utilized to enhance his offenses for his sentencing in *Hines I*. Thus, he asserts that he should be allowed to argue for dismissal of the *Hines I* indictment because of the purported sentencing error.

**Discussion**

Petitioner asserts federal bases for relief from the judgment of conviction in *State v. Hines,* the same judgment of conviction he challenged in *Hines I. Hines I* was an adjudication on the merits that renders future petitions under § 2254 challenging the same judgment "second or successive" petitions under 28 U.S.C. § 2244. The Court finds the instant petition is a second or successive petition.

The Antiterrorism and Effective Death Penalty Act of 1996 imposes a "stringent set of procedures" that a state prisoner "must follow if he wishes to file a second or successive habeas corpus application challenging that custody." *Burton v. Stewart*, 549 U.S. 147, 152 (2007). For claims in a successive application that were not presented in a prior application, "the applicant

2

shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). *See also Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002) (stating that authorization by the Eighth Circuit Court of Appeals is a "prerequisite under 28 U.S.C. § 2244(b)(3)…to the filing of a second or successive habeas petition"). A claim presented in a "successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1).

To the extent petitioner seeks to relitigate claims he brought in *Hines I,* those claims must be dismissed pursuant to 28 U.S.C. § 2244(b)(1). To the extent petitioner seeks to bring new claims for habeas relief, he must first obtain leave from the United States Court of Appeals for the Eighth Circuit before bringing those claims in this Court. *See* 28 U.S.C. § 2244(b)(3)(A). Petitioner does not aver, nor does it appear, that the United States Court of Appeals for the Eighth Circuit has granted him leave to file a successive habeas petition. As a result, the petition must be denied and dismissed as successive.

The Court has considered whether to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A) ("Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from…the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court"). To do so, the Court must find a substantial showing of the denial of a federal right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Petitioner has made no such showing, so the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that the Court interprets the present action as one brought pursuant to 28 U.S.C. § 2254.

**IT IS FURTHER ORDERED** that the Clerk shall change the respondent in this action to Richard Adams, Warden of Eastern Reception Diagnostic Correctional Center.

**IT IS FURTHER ORDERED** that petitioner's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED.**

**IT IS FURTHER ORDERED** that petitioner's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 is **DENIED AND DISMISSED AS SUCCESSIVE**. *See* 28 U.S.C. § 2244(b). A separate Order of Dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel [ECF No. 4] is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that the Court shall not issue a certificate of appealability.

Dated this 7th day of February, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE